FILED
2021 Dec-02  AM 08:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# United States District Court
## Northern District of Alabama
### Eastern Division

|  |  |
|---|---|
| Crystal Pearson, individually & on behalf of all similarly situated, | |
| Plaintiff(s), | Case Number _____ |
| v. | § 16(b) Collective Action |
| Pick-Up & Go Moving International, Inc., | |
| Defendant. | |

## <u>Complaint</u>

1.     The Named Plaintiff, Crystal Pearson, on behalf of herself and on behalf of all similarly situated, sues the Defendant, Pick-Up & Go Moving International, Inc. pursuant to the Fair Labor Standards Act (FLSA) for unpaid overtime.

2.     Defendant pays Plaintiff(s) pursuant to the "Day Rate Pay Policy" which consists of paying a day rate to Plaintiff(s) without overtime premiums when they work over 40 hours.

3.     Defendant is an employer as defined by 29 U.S.C. § 203(d).

1

4.      The Honorable Court has original jurisdiction pursuant to 29 U.S.C. § 216(b).

5.      Defendant conducts business in multiple states.

6.      One of the states that Defendant conducts business in is Alabama.

7.      Defendant is a registered foreign corporation with the Alabama Secretary of State.

8.      Named Plaintiff worked for Defendant in multiple counties in Alabama, including Calhoun and Talladega counties.

9.      Named Plaintiff regularly interacts with multiple Alabama customers each day.

10.     Defendant has subjected itself to personal jurisdiction in Alabama.

11.     Named Plaintiff resides in Talladega, Alabama.

12.     Venue is appropriate in the Northern District of Alabama, Eastern Division, pursuant to Code of Alabama § 6-3-7.

13.     Defendant's payroll is centrally located.

14.     All employees are paid from the same main office.

15.     Defendant has a policy of memorializing the pay of Plaintiffs on the day of hire.

16.     Defendant paid Named Plaintiff on a day rate.

17.     Regardless of the number of hours that Named Plaintiff worked she was paid the same day rate.

18.     Named Plaintiff was an employee of Defendant.

19.     Named Plaintiff worked more than 40 hours a week in one or more workweeks within the past three years for Defendant without receiving overtime.

20.     Named Plaintiff drove vehicles that weighed less than 10,000 lbs. each week that she worked for Defendant as a part of her job.

21.     Named Plaintiff's primary job duty was to handle packages for Defendant by picking them up and delivering them.

22.     Plaintiff(s) are limited to those employees that have worked for Defendant within the past three years.

23.     Plaintiff(s) are limited to any employee paid a day rate that worked 40 or more hours in one or more workweeks without receiving overtime.

24.     Plaintiff(s) are limited to any employee that drove a vehicle that weighed less than 10,000 lbs. in one or more workweeks for Defendant as a part of their job.

25.     Plaintiff(s) primary job duties are to handle packages for Defendant by picking them up and delivering them.

26.     Defendant pays Plaintiff(s) a day rate.

27.     Defendant does not pay Plaintiff(s) overtime.

28.     Defendant does not pay Plaintiff(s) based on units of work measurements.

29.     Defendant does not pay Plaintiff(s) based on the number of trips taken.

30.     Defendant does not pay Plaintiff(s) based upon miles driven.

31.     Defendant does not pay Plaintiff(s) based upon the number of stops made.

32.     Defendant does not pay Plaintiff(s) based upon the number of goods delivered.

33.     Defendant pays Plaintiff(s) pursuant to 29 C.F.R. § 778.112.

34.     However, Defendant does not pay overtime pay.

35.     Defendant is required to keep track of the hours worked each workday and total hours worked each workweek for Plaintiff(s).

36.     Nevertheless, Defendant does not keep accurate hours of work performed by Plaintiff(s).

37.     The Administrator of the Wage and Hour Division of the United States Labor Department has not approved Defendant's pay plan for Plaintiff(s).

38.     Defendant is in violation of 29 U.S.C. § 211(c).

39.     Plaintiff(s) are individually covered by the FLSA.

40.     Plaintiff(s) are engaged in commerce.

41.     Plaintiff(s) are part of interstate commerce through their primary job duty of handling packages that move in interstate commerce.

42.     Defendant is an enterprise engaged in commerce.

43.     In 2018, Defendant had annual revenues in excess of $500,000.00.

44.     In 2019, Defendant had annual revenues in excess of $500,000.00.

45.     In 2020, Defendant had annual revenues in excess of $500,000.00.

46.     In 2021, Defendant had annual revenues in excess of $500,000.00.

47.     Defendant employs employees that handle goods and materials that have moved in interstate commerce such as pens, papers, cell phones, vehicles, packages, etc.

48.     Defendant is in the business of contracting with companies that make package deliveries, such as FedEx Ground.

49.     Defendant is registered with the Secretaries of State in Alabama, Florida, Georgia, Louisiana, Tennessee, Virginia, and North Carolina.

50.     Defendant pays Plaintiff(s) pursuant to the "Day Rate Pay Policy" in all states that it operates.

51.     Defendant issues paychecks to Plaintiff(s) of all states from the same main office.

52.     Defendant does not treat Alabama Plaintiff(s) any differently than out-of-state Plaintiff(s) in terms of primary job duties and payment pursuant to the "Day Rate Pay Policy."

53.     Defendant is uniform in its behavior nationwide as it relates to payment of overtime to Plaintiff(s).

54.     Plaintiff(s) have a right to know about this action.

55.     Plaintiff(s) have a right to join this action.

56.     Defendant has acted in reckless disregard of the FLSA.

57.     Defendant has willfully violated the FLSA.

58.     Defendant owes Plaintiff(s) unpaid overtime pursuant to 29 U.S.C. § 207(a).

59.     Defendant owes Plaintiff(s) liquidated damages pursuant to 29 U.S.C. § 216(b).

60.     Defendant is an employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

61.     Defendant received $127,087.00 in PPP loans in 2020.

62.     Defendant received $122,475.00 in PPP loans in 2021.

63.     Defendant has expanded its operations since 2020.

64.     Named Plaintiff consents in writing to bring this action. See attached.

Wherefore, Named Plaintiff demands notification of the complaint to all similarly situated employees, conditional class certification pursuant to Section 16(b) of the FLSA, final certification pursuant to Section 16(b), judgment that Defendant violated Sections 11(c) and 7(a) of the FLSA, all unpaid overtime, liquidated damages, consent that Defendant will alter its pay practices, attorneys' fees, costs, and judgment.

Respectfully submitted this 1st day of December 2021,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Alabama State Bar Number 8473P69J
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Tel – (502) 475-8201
Email – bernie@thelaborfirm.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

EASTERN DIVISION

| | |
|---|---|
| **Crystal Pearson, individually & on behalf of all similarly situated,** | |
| **Plaintiff(s),** | |
| **v.** | **Case Number _____** |
| | **§ 16(b) Collective Action** |
| **Pick-Up & Go Moving International, Inc.,** | |
| **Defendant.** | |

## Written Consent

I, Crystal Pearson, consent to be the Named Plaintiff in the 29 U.S.C. § 216(b) collective action against Pick-Up & Go Moving International, Inc. seeking unpaid overtime and statutory damages under the Fair Labor Standards Act.

_____          _____

Crystal Pearson                                   Date

12/1/2021