# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CRYSTAL PEARSON, individually and on behalf of all similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:21-cv-01595-SGC ) |
| PICK UP & GO MOVING INTERNATIONAL, INC., | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER[1]

This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA" or the "Act"). The plaintiff, Crystal Pearson, filed an opposed motion under 29 U.S.C. § 216(b), seeking conditional certification of the case as a collective action and facilitation of court-authorized notice. (Doc. 17).[2] The defendant, Pick Up & Go Moving International, Inc., did not file a response to the motion. Instead, after the plaintiff filed her motion, the parties filed a joint motion seeking approval of proposed notice and consent forms. (Doc. 22).

The FLSA authorizes an employee to bring a "collective action" against her employer on behalf of herself and others "similarly situated" for violations of the

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 14).
[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

Act. *See* § 216(b). A similarly situated employee who wants to participate in a collective action must opt into the suit by filing a written consent in the case. *Id.*

The Eleventh Circuit has sanctioned a two-stage procedure for managing an FLSA collective action in the pretrial phase. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218-19 (11th Cir. 2001) (discussing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)).³ At the first stage, a court reviews the pleadings and any affidavits on file and decides whether it should authorize notice of the action to potential opt-in plaintiffs. *Id.* at 1218-19. The court should satisfy itself there are other employees who wish to opt into the action and that those employees are similarly situated with respect to job requirements and pay provisions. *Morgan v. Fam. Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008). The Eleventh Circuit has described the standard for determining similarity at the first stage as " 'not particularly stringent'" and " 'fairly lenient.'" *Id.* at 1260-61 (quoting *Hipp*, 252 F.3d at 1214, 1218). All that is required is that there is a "reasonable basis" for a claim of similarity. *Id.* at 1260 (internal quotation marks omitted). Satisfaction of the standard results in "conditional certification" of the collective action and authorization of notice of the suit to similarly situated individuals, who may choose

---

³ The collective action in *Hipp* was brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"). But the ADEA incorporates by reference the FLSA's collective action provision, *see* 29 U.S.C. § 626(b), "so the *Hipp* procedure applies in both contexts." *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1014 (11th Cir. 2007).

2

whether to opt into the case. *Hipp*, 252 F.3d at 1218. Conditional certification is the "typical[]" outcome of the first stage. *Id.*

The second stage is triggered by an employer's motion for decertification, usually filed after completion of discovery. *Id.* The court makes a factual determination regarding similarity at this stage with the benefit of more information. *Id.*; *see also Morgan*, 551 F.3d at 1261 (noting certification at the first stage is described as "conditional" because the decision may be revisited when the case is ready for trial). If the original and opt-in plaintiffs are similarly situated, the collective action proceeds to trial. *Id.* If the original and opt-in plaintiffs are not similarly situated, the court decertifies the collective action, the opt-in plaintiffs are dismissed from the suit without prejudice, and the original plaintiff proceeds to trial on her individual claim. *Id.* The original plaintiff bears a heavier burden at the second stage. *Morgan*, 551 F.3d at 1261. At each stage, the decision regarding certification "remains soundly within the discretion of the district court." *Hipp*, 252 F.3d at 1219.

Pearson worked as a driver for the defendant, a local ground route service provider for FedEx Corporation, between February and September 2021. (Doc. 17 at 2, 4). She alleges the defendant paid her and other drivers a day rate under a "Day Rate Pay Policy," without overtime pay for hours worked over 40 each week. (*See generally* Doc. 17). She seeks to conditionally certify a class of drivers who worked

for the defendant between December 2, 2018, and the present; drove vehicles weighing less than 10,000 pounds; and were paid a day rate without overtime pay for hours worked over 40 each week. (Doc. 17 at 2-4, 11, 15, 27; Doc. 22-1 at 2). Attached to Pearson's motion is a letter she received on accepting employment with the defendant, stating she would be paid $140 for each day worked. (Doc. 17-2). Joshua Crowe and Jeremy Westbrook have filed affidavits corroborating Pearson's assertions and indicating they want to join this suit as opt-in plaintiffs. (Doc. 3-1; Doc. 4-1). Pearson's allegations and supporting evidence are sufficient to meet the relatively light burden for conditional certification. The court construes the absence of a response to Pearson's motion seeking conditional certification and facilitation of court-authorized notice, together with the parties' joint motion seeking approval of proposed notice and consent forms, as an indication the defendant no longer opposes conditional certification.

For the reasons stated above, the court **GRANTS** Pearson's motion seeking conditional certification and facilitation of court-authorized notice and the parties' joint motion seeking approval of proposed notice and consent forms. (Docs. 17, 22).

Pearson asks that the court direct the defendant to produce to her counsel within 14 calendar days from the entry date of this order a list containing the full names, job titles, last known addresses, personal e-mail addresses, telephone numbers, dates of birth, and dates of employment for all potential opt-in plaintiffs in

an "electronic readable format." (Doc. 17 at 27). That request is **GRANTED**. The court authorizes Pearson's counsel to send the notice and consent forms on which the parties have agreed (Doc. 22-1; Doc. 22-2) to the potential opt-in plaintiffs by First-Class U.S. Mail and **DIRECTS** that the forms be placed in the mail no later than 30 calendar days from the entry date of this order. Consistent with Pearson's request, the court **DIRECTS** that Pearson's counsel must file all consent forms, together with elections regarding the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c), no later than 60 calendar days from the mailing date of the notice and consent forms (the "opt-in period"). (*See* Doc. 17 at 28).

Pearson also asks that the court direct the defendant to post at every location where it hires, trains, and/or employs potential opt-in plaintiffs a copy of the notice and consent forms. (Doc. 17 at 28). Given the defendant's apparent lack of opposition, the court **GRANTS** this request. The court **DIRECTS** the defendant to post the forms within 30 calendar days from the entry date of this order.

Finally, Pearson asks that the court prohibit the defendant from having contact with any potential opt-in plaintiff for reasons related to this action until expiration of the opt-in period. (Doc. 17 at 27). Again, given the defendant's apparent lack of opposition, the court **GRANTS** this request.

**DONE** this 4th day of April, 2023.

                                                STACI G. CORNELIUS
                                                U.S. MAGISTRATE JUDGE